IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 96-221-KD-M |
| ) | |
| MARILYN BELLO, ) | |
|    Defendant. ) | |

**ORDER**

This matter is before the court on Defendant Marilyn Bello's timely response to the Court's preliminary determination that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 because her guideline range is not affected by retroactive application of Amendment 750. (Doc. 171).

Defendant does not dispute that, because the sentencing judge, the Honorable W. B. Hand, held her responsible for more than 20 kilograms of cocaine base, retroactive application of Amendment 750 does not lower her guideline range. Defendant also does not dispute that Section 1B1.10 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) state that a sentence reduction is not authorized where a retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. Instead, Defendant challenges her sentence on the ground that she was held accountable for a quantity of crack cocaine though she pled guilty to conspiring to possess powder cocaine with intent to distribute. (Id. at 1-8).[1]

As this Court had occasion to explain once before, district courts have very limited

---

[1] Defendant's claim has been repeatedly rejected by this Court and the Court of Appeals. See, e.g., United States v. Bello, 174 F.3d 202 (11th Cir. 2009) (affirming conviction and sentence); Doc. 125 (denying § 2255 motion); Doc. 136 (denying motion for sentence reduction); Doc. 138 (denying motion for reconsideration); Doc. 155 (denying motion for sentence reduction); Doc. 161 (denying motion for reconsideration).

authority to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Bello, No. 96-00221-KD, 2009 WL 1396355, at *1 (S.D. Ala. May 18, 2009) (citing United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005)). The Court may not conduct a de novo resentencing, and it is bound by Judge Hand's determination as to the drug quantity for which Defendant is responsible. United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir. 1997).

Accordingly, Defendant's motion for a sentence reduction (Doc. 168) is due to be **DENIED** by separate order.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **25th** day of **January 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**